# BROWN *v.* ORIENTAL UNIVERSITY.

---

TRUSTS AND TRUSTEES; EQUITY; RESTRAINING ORDERS; DEEDS OF TRUSTS.

1. The same degree of good faith is required of trustees under a deed of trust of real estate to secure a debt, as is required of other fiduciaries.

2. Where trustees under a deed of trust were restrained *pendente lite* from taking possession of the real estate sold by them under the deed of trust, on charges by the owner in possession that the purchaser at the sale had bought the property in the interest of the trustees, and that the property had been sold for less than one half of its real value, and the trustees failed to deny that they were interested in the sale, and made only an equivocal denial of the charge as to the inadequacy of the sale price, this court on an appeal by them *affirmed* the restraining order.

No. 2865.   Submitted January 7, 1916.   Decided February 7, 1916.

HEARING on an appeal by the defendants from an order of the Supreme Court of the District of Columbia sitting as an equity court, restraining them *pendente lite* from taking steps to obtain possession of real estate sold by them as trustees under a deed of trust.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Tracy L. Jeffords* for the appellants.

*Mr. Edward L. Gies* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decree in the supreme court of the District restraining the appellants, during the pendency of this suit, from further proceedings to obtain possession of premises

No. 1400 Chapin street, N. W., in this city, sold by them as trustees under a deed of trust.

The appellee was the alleged owner in possession at the time of the sale. It subsequently filed this bill setting forth, among other things, that the sale was not made in good faith; that the alleged purchaser was merely acting for and in the interest of the trustees; in other words, that the trustees sold the property to themselves. It was further alleged that the sale price was less than one half the value of the property. Appellants filed no answer to this bill, but did make a return to the rule. That return, however, contained no denial of the averment that the trustees were interested in the sale, and the denial of the averment as to the gross inadequacy of the sale price was equivocal.

Since the same degree of good faith is required of such trustees as of other fiduciaries, it follows that the decree must be affirmed, with costs.                          *Affirmed.*